**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **BOWEN UHLENKAMP AND SADAF LAKHANI,** *parents of the minor child A.U.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, <br><br> Defendant. | Case No. 1:21-cv-2662 (TNM) |

**<u>MEMORANDUM OPINION</u>**

This case is another iteration in a years-long dispute between D.C. Public Schools ("DCPS" or "the District") and the parents of one of its former students. The parents seek relief for DCPS's alleged failure to provide their child an adequate education as required by the Individuals with Disabilities Education Act ("IDEA"). The parents' challenge began half a decade ago, when they took their claims to an administrative hearing officer, who denied them in full. That denial prompted the parents to turn here hoping to undo the administrative decision. After the Court remanded the case to the hearing officer for another look, he again denied their claim and the dispute has thus returned.

The parents move for summary judgment and once more ask this Court to reverse the hearing officer's decision. Magistrate Judge Sharbaugh has issued a thorough Report and Recommendation ("Report") proposing that the Court grant in part and deny in part the parents' motion and the District's cross-motion. The Report and Plaintiffs' objections to it are now before the Court. Because the hearing officer adequately substantiated his conclusions on his second go at the case for some claims but not others, the Court will adopt the Report in full and thus grant in part and deny in part both motions.

**I.**

The Court's first opinion in this case details its factual background at length. *See Uhlenkamp v. District of Columbia*, 691 F. Supp. 3d 224, 229 (D.D.C. 2023). Because there is no need to rehash those facts, the Court provides an abbreviated version here.

Five years ago, Plaintiffs Bowen Uhlenkamp and Sadaf Lakhani sought relief for DCPS's alleged failure to provide their child—"A.U."—a free and appropriate public education ("FAPE") in violation of the IDEA. *Id.* at 234. They claimed that DCPS failed to develop an individualized education plan ("IEP") that adequately addressed A.U.'s learning disabilities. *Id.* at 231. In line with IDEA's requirement that Plaintiffs exhaust administrative remedies before suing in federal court, *see Massey v. District of Columbia*, 400 F. Supp. 2d 66, 70 (D.D.C. 2005), Plaintiffs started their challenge by filing an administrative complaint. *Uhlenkamp*, 691 F. Supp. 3d at 234. By that time, Plaintiffs had moved A.U. to a private school, so their requested relief included tuition for his new school and several other education-related reimbursements. *Id.* at 233–34. Hearing Officer Terry Michael Banks heard their case and denied relief in full. *Id.* at 234–35. Plaintiffs then turned to this Court, suing DCPS under the IDEA to try to undo that decision. *Id.* at 235.

Following cross motions for summary judgment, this Court remanded the case to the hearing officer to decide whether three individualized education programs ("IEPs")—from April, May, and December 2019—violated A.U.'s right to a FAPE and whether Plaintiffs were entitled to tuition reimbursement. *Id.* at 229. On a second pass, the hearing officer again rejected Plaintiffs' challenge to the three IEPs and thus declined to impose tuition reimbursement. *See* Remand Administrative Record ("RAR") at 57–58, ECF No. 66-1. Plaintiffs once more seek to reverse the hearing officer's decision. *See generally* Supplemental Compl., ECF No. 63. After

the Court referred the case to a magistrate judge for full case management, both parties again moved for summary judgment. Pls.' Mot. for Summ. J., ECF No. 67-1; Defs.' Cross Motion for Summ. J., ECF No. 70.

In his Report considering these cross motions, Magistrate Judge Matthew J. Sharbaugh recommended granting and denying both motions in part. Report, ECF No 74. While he found two of three IEPs insufficient to meet DCPS obligations under the IDEA, Magistrate Judge Sharbaugh agreed with DCPS that the third IEP (from December 2019) appropriately addressed A.U.'s needs. *Id.* at 15, 17, 22. Because Plaintiffs' tuition reimbursement claims were tethered only to the December IEP, the magistrate judge also recommended denying that request. *Id.* at 23–24.

Now before the Court are the parties' summary judgment motions, the Report, and Plaintiffs' seven objections to it. Pls.' Objections, ECF No. 77. They challenge Magistrate Judge Sharbaugh's conclusions about only the December IEP (and thus also tuition). *Id.* Neither party objects to the other two-thirds of the Report.

Upon consideration of the Report, Plaintiffs' objections, the District's response, the summary judgment briefing, and the entire record, the Court will adopt the findings and conclusions of the Report in full. It will thus grant in part and deny in part both parties' summary judgment motions. The Court provides supplemental analysis only in response to Plaintiffs' objections about the December IEP and otherwise incorporates by reference Magistrate Judge Sharbaugh's Report.

## II.

A few sets of rules govern this Court's review. First are those guiding summary judgment in the IDEA setting. Although styled as motions for summary judgment, the Court

treats the cross-motions before it as seeking review of Hearing Officer Banks' administrative determination. *See S.B. v. District of Columbia*, 783 F. Supp. 2d 44, 50 (D.D.C. 2011). That is because, when neither party puts forth additional evidence, a summary judgment motion in this setting operates as the "the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *M.G. v. District of Columbia*, 246 F. Supp. 3d 1, 8 (D.D.C. 2017) (cleaned up).

The Court "must give due weight to the administrative proceedings and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." *Gill v. District of Columbia*, 751 F. Supp. 2d 104, 109 (D.D.C. 2010) (cleaned up); *Roark ex rel. Roark v. District of Columbia*, 460 F. Supp. 2d 32, 38 (D.D.C. 2006). Indeed, "a hearing officer's findings based on credibility determinations of live witness testimony are given particular deference where there is no supplementation of the record." *McAllister v. District of Columbia*, 45 F. Supp. 3d 72, 76 (D.D.C. 2014) (cleaned up). That said, a hearing decision that lacks "reasoned and specific findings deserves little deference." *Kerkam v. Superintendent of D.C. Pub. Schs.*, 931 F.2d 84, 87 (D.C. Cir. 1991) (cleaned up).

Next are rules for reviewing objections to a magistrate judge's recommendation. Under Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered his recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). Proper

objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." Local R. Civ. P. 72.3(b).[1]

Last are rules about party presentation. Because the Court's ultimate task is reviewing the parties' summary judgment motions, arguments Plaintiffs made in their original summary judgment briefing guide the inquiry, not "new initiatives that were not put before the magistrate judge." *Edward M.R. v. District of Columbia*, 660 F. Supp. 3d 82, 97 (D.D.C. 2023) (cleaned up), *aff'd,* 128 F.4th 290 (D.C. Cir. 2025). These guideposts call for caution in taking on Plaintiffs' objections given their volume. What started as about seven pages of summary judgment briefing tethered to the December IEP, *see* Pls.' Mot. for Summ. J. at 36–44, has now ballooned into over sixty pages of objections on the same subject. *See generally* Pls.' Objections; Pls.' Reply, ECF No. 80. New arguments among this heap will not carry the day.

### III.

The remaining core of this dispute is whether A.U.'s December IEP satisfies the IDEA. IDEA's mandate "requires an educational program,"—here the December IEP— "reasonably calculated to enable a child to make progress in light of the child's circumstances." *Endrew F. v. Douglas Cnty. Sch. Dist.*, 580 U.S. 386, 403 (2017). Considering the parties' briefing and the hearing officer's determination, the Court concludes that the hearing officer correctly determined that the December IEP was reasonably calculated to enable A.U. to make progress based on his individual circumstances and thus met IDEA's demands.

---

[1] The Court assumes de novo review applies. Although some courts have held that objections that merely rehash an argument presented and considered by the magistrate judge are not "properly objected to" and are therefore entitled only to clear error review, *see Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013), Plaintiffs' claims fail de novo review, so the Court need not determine whether clear error applies now.

Because the Court agrees with the magistrate judge's analysis, it focuses here on the seven objections Plaintiffs levy at the Report. An initial problem is Plaintiffs' blunderbuss approach to briefing. This is not a new problem. The first magistrate judge to handle this case three years ago described Plaintiffs' arguments as "scattered and difficult to follow." *Uhlenkamp*, 691 F. Supp. at 244. Magistrate Judge Sharbaugh likewise characterized the current round of summary judgment briefing as "meandering and often difficult to follow." Report at 18. Even Plaintiffs acknowledge that their summary judgment arguments were "perhaps clumsily made." Pls.' Objections at 3; *see id.* at 18 (referring to their own "clumsy" briefing). Scattershot briefing does not serve them or this Court well. *Cf. Jones v. Kirchner*, 835 F.3d 74, 83 (D.C. Cir. 2016) ("[J]udges are not like pigs, hunting for truffles buried in briefs . . . ." (cleaned up)). With that in mind, the Court turns to Plaintiffs' objections and sifts through their arguments best it can.

*Objection 1.* Plaintiffs' first objection questions whether the Report properly characterizes their "claims and their legal import." Pls.' Objections at 3; Pls.' Reply at 2. Consider Magistrate Judge Sharbaugh's view of their claims. He summed up many claims as complaints that the hearing officer "improperly weighed the evidence and should have reached different conclusions based on the record presented." Report at 18. Because courts must give "due weight" to a hearing officer's weighing of evidence, Magistrate Judge Sharbaugh rejected those claims. *See A.I. ex rel. Iapalucci v. District of Columbia*, 402 F. Supp. 2d 152, 161 (D.D.C. 2005) (cleaned up); *id.* at 170 (explaining that hearing officers are responsible for determining "how much weight to give the evidence"); *Block v. District of Columbia*, 748 F. Supp. 891, 896 (D.D.C. 1990) ("In evaluating the witnesses' responses and weighing their

testimony . . . the Hearing Officer was utilizing his knowledge and experience such that judicial deference to his expertise is especially appropriate.").

The Report correctly characterized Plaintiffs' claims and thus justified their rejection. As Plaintiffs put it in their opening summary judgment brief, "[h]ad the [hearing officer] weighed the evidence properly, he should have found DCPS failed to prove the December 2019 IEP appropriate." Pls.' Mot. for Summ. J. at 44; *see also id.* at 40 (arguing that Hearing Officer Banks' evidentiary conclusions were "inconsistent with the evidence already cited herein"); *id.* at 41 (arguing that certain conclusions were "not what the evidence showed"). Based on these excerpts, Magistrate Judge Sharbaugh did not mischaracterize Plaintiffs' claims. He nearly parroted them. And then he properly rejected them as insufficient to undermine the hearing officer's conclusions. *Accord Garris v. District of Columbia*, 210 F. Supp. 3d 187, 190 (D.D.C. 2016) (rejecting arguments "about how the Hearing Officer weighed evidence" because even if one could "draw a different conclusion from that evidence," that "does not make the Hearing Officer's alternative conclusion improper.").

Plaintiffs see their objection differently. Plaintiffs contend they did not argue that the hearing officer improperly weighed evidence, but that he failed to "reconsider" altogether "conflicting evidence that weighed against the IEP[]" despite its remand "instructions" to do so. Pls.' Objections at 3. This new gloss makes no difference. First, it is dubious that Plaintiffs squarely presented this (supposedly separate) argument in the few pages dedicated to the December IEP in summary judgment briefing. And recall that summary judgment briefing governs the scope of Plaintiffs' arguments now, not new claims in their objections to the magistrate judge's Report. The closest they come is in citations to swaths of highly specific evidence that the hearing officer opted not to mention. *See. e.g.*, Pls.' Mot. for Summ. J. at 43

(cherry-picking several tests that did not feature in Hearing Officer Banks' final report to assert that he "ignored" evidence).  But this case's administrative record spans over two thousand pages.  *See* ECF Nos. 10–38.  Hearing Officer Banks could not expressly mention every test or individual score in Plaintiffs' favor if he tried.  *See Goodman v. Colvin*, 233 F. Supp. 3d 88, 109 (D.D.C. 2017) (explaining that an administrative law judge need not "refer to every piece of evidence in his decision" (cleaned up)).  Claiming that the hearing officer should have will not breathe life into a claim that neither Defendants nor the magistrate judge discerned in responding to Plaintiffs' claims.

Even if this argument were clearly presented, Plaintiffs' allegations that the hearing officer ignored relevant evidence do not add up.  For instance, they now claim that the hearing officer overlooked favorable evidence about grades and executive functioning.  Pl.'s Objections at 4–5.  But Hearing Officer Banks considered conflicting views on those very points.  He contemplated the possibility that grades may not provide reliable evidence but concluded that here, there was "no evidence that [A.U.'s] grades are invalid or inflated."  RAR at 55.[2]  He also spent several pages detailing differing evidence related to executive functioning before drawing conclusions about A.U.'s needs on that score.  *See id.* at 52–54.  Courts give evidentiary findings like these "due weight."  *Schoenbach v. District of Columbia*, 309 F. Supp. 2d 71, 80 (D.D.C. 2004).  Courts do not ignore them as Plaintiffs do.  The Court overrules this objection.

---

[2]  Plaintiffs' argument about grades independently fails because this Court already accepted Hearing Officer Banks' reliance on grades before remanding the case.  *See Uhlenkamp*, 691 F. Supp. 3d at 245 (noting with approval Banks' reliance on "cases to support his reliance on A.U.'s grades").  He thus did not need to say anything more about them on remand.  This oversight is but one example of the shortcomings of Plaintiffs' everything-but-the-kitchen sink approach.

*Objection 2.*  Next, Plaintiffs object that neither the hearing officer's analysis of the December IEP nor the magistrate judge's Report followed the issues originally certified for the remand hearing.  Pls.' Objections at 5; Pls.' Reply at 2.  This objection fares no better.

Consider the issues certified for the administrative hearing related to the December IEP. Hearing Officer Banks was to assess whether the December IEP: "(a) provided insufficient specialized education hours, (b) provided inappropriate IEP goals and baselines based on the nature and extent of the disability at that time and the present levels of performance as described in the IEP, (c) failed to provide occupational therapy ('OT') services, (d) failed to provide an appropriate placement, and (e) failed to provide appropriate modifications, accommodations, and interventions including an appropriate reading program."  RAR at 48; Pls.' Objections at 5 (same).

Hearing Officer Banks addressed each of these points.  Going in order of this list, he: (a) discussed the "eight hours per week of specialized instruction" the December IEP promised, RAR at 49; (b) discussed the very testimony asserting that the December IEP provided "inappropriate" goals before deciding that issue, *id.* at 50; (c) detailed why the record did "not support" a need for occupational theory services, *id.* at 55; (d) concluded DCPS did not owe A.U. placement in a different school only after finding the IEP appropriate, *id.* at 57; and (e) discussed the IEP's approach to A.U.'s reading issues at length, with a specific eye toward this Court's remand instructions, *id.* at 48–49.  This coverage belies Plaintiffs' claim that the hearing officer ignored the issues certified for his determination.

Plaintiffs contest this conclusion with more of the same.  They mount another set of arguments against the hearing officer's handling of the evidence.  *See* Pls.' Objections at 9–10

9

(arguing that he should have weighed favorable testimony more heavily). Repackaging these now-familiar points under a different objection will not earn a different result.

Plaintiffs separately fault Magistrate Judge Sharbaugh for not saying more about their claims. *See id.* at 7 (asserting that the Report "spent just 7 pages addressing a narrow set of the issues in the case" while leaving out others). As already explained, the Court, assessing the hearing officer's determination de novo, agrees with Magistrate Judge Sharbaugh's conclusion on this score. *See* Fed. R. Civ. P. 72(b)(3) (explaining that courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). So even if the Report inadequately "consider[ed] the breadth" of Plaintiffs' "allegations," Pls.' Objections at 7, this argument fails. The Court rejects the notion that he said too little, in any case.[3]

*Objection 3.* Plaintiffs next contend that because Magistrate Judge Sharbaugh found the April and May IEPs inadequate, he must have wrongly found the December IEP adequate. Pls.' Objections at 11. Plaintiffs claim that because he rejected Hearing Officer Banks' handling of evidence about the April and May IEPs, that he should have come to the same conclusion for the December IEP. Pls.' Objections at 11–17. But each IEP involved different testimony, different educational concerns, and different instructions on remand. The hearing officer's approach to testimony about the April IEP thus says little about his approach to separate testimony about the December IEP. *See, e.g.*, Pls.' Objections at 12 (claiming that because Magistrate Judge Sharbaugh saw error in Hearing Officer Banks' rejection of testimony from a school psychologist (Margaret Mallory) about the April IEP, that Banks must have also erred in

---

[3] Plaintiffs' criticisms about the Report's depth are unwarranted. Magistrate Judge Sharbaugh's Report more than sufficiently addressed Plaintiffs' claims. Indeed, Plaintiffs' summary judgment briefing on the December IEP spans about the same number of pages as the Report on the same subject. See Pls.' Mot. for Summ. J. at 36–44. Their own treatment of this IEP confirms that Magistrate Judge Sharbaugh's coverage on the matter sufficed.

construing a reading teacher's (Kendra Wells) and different school psychologist's (Arielle Edge) testimony supporting his December IEP findings); *see also* RAR at 60 (listing witnesses).

If anything, this objection is a new spin on Plaintiffs' now-familiar gripe that Hearing Officer Banks should have weighed the December IEP evidence differently or discussed specific evidence more. *See, e.g.*, Pls.' Objections at 14 (once more faulting the hearing officer for relying on grades and certain testimony more than other evidence); *id.* at 15 (once more claiming the hearing officer should have expressly addressed various handpicked pieces of evidence). Because nothing suggests the April and May IEPs tie the Court's hands when it comes to December, the Court overrules this objection.

*Objection 4.* Plaintiffs continue that Magistrate Judge Sharbaugh should have faulted the hearing officer's remand determination for relying on points this Court had rejected on the first round of summary judgment briefing. Pls.' Reply at 4. Most of the ink Plaintiffs spill on this objection recites at length what this Court said in its first opinion remanding the case for a second look. *See* Pls.' Objections at 19–21 (quoting various lengthy portions of this Court's opinion in *Uhlenkamp*). They then claim, without offering citations or clear examples, that the hearing officer "did not" address these deficiencies and on his second go at the case. *Id.* at 21. They likewise fault Magistrate Judge Sharbaugh for relying on arguments this Court allegedly rejected. *Id.*

None of this works. First, Plaintiffs' summary judgment motion tees up this Court's review of the hearing officer's decision, not the Report. *See L.R.L. ex rel. Lomax v. District of Columbia*, 896 F. Supp. 2d 69, 74 (D.D.C. 2012). And the hearing officer's decision addressed the deficiencies this Court's remand instructions highlighted. As Plaintiffs themselves note, Hearing Officer Banks added over "5 pages of analysis . . . new to remand" on the December

11

IEP alone.  Pls.' Mot. for Summ. J. at 38.  Much of that analysis directly spoke to the remand instructions.  *See* RAR at 48 (discussing specific remand instructions).  Plaintiffs' insistence that Hearing Officer Banks rinsed and repeated conclusions this Court previously rejected ignores its own summary of the determination.  This Court will not do the same.  The fourth objection fails.

*Objection 5.*  Plaintiffs claim in their fifth objection that the Report contained errors and failed to comprehensively address Plaintiffs' claims and relevant evidence.  Pls.' Objections at 22; Pls.' Reply at 6.  An initial problem is that the substance of this objection far exceeds the scope of the arguments Plaintiffs preserved in their summary judgment briefing.  *Compare* Pls.' Objections at 22–29 (detailing the alleged failure to address the "STARI" reading program, A.U.'s self-esteem, stress, and stutter) *with* Pls.' Mot. for Summ. J. at 36–43 (not mentioning these alleged issues in challenging the December IEP).  Given that objections to a magistrate judge's report do not serve as second bite at the summary-judgment apple, the objection falters on that ground alone.  *See Sciacca v. FBI*, 23 F. Supp. 3d 17, 27 (D.D.C. 2014).

A glance at Plaintiffs' cited errors, though, confirms the argument's weakness.  Consider Plaintiffs' claim that Hearing Officer Banks wrongly found that [A.U.] lacked an "orthographic processing issue requiring a reading intervention."  Pls.' Objections at 23.  That is wrong.  The hearing officer stated that a reading program called "STARI" in A.U.'s December IEP "would address fluency, comprehension, and decoding."  RAR at 53.  Those goals, he went on, would in turn address "concern[s] that a weakness in orthographic processing" affects A.U.'s comprehension.  *Id.*  He, in other words, acknowledged the very concern Plaintiffs claim he dismissed.

Or take Plaintiffs' claim that the hearing officer "failed to adequately consider the evidence in the record about the impact of A.U.'s stutter."  Pls.' Objections at 27.  The record

tells a different story.  As the hearing officer explained in a new paragraph directly addressing this Court's remand instructions, A.U.'s stutter "was not mentioned" in the prehearing order that outlines the issues for him to consider.  RAR at 56.  And no witness provided "persuasive testimony" that A.U.'s stutter impaired his learning ability anyway.  *Id.*  The Court adopts Magistrate Judge Sharbaugh's thorough summary of the other relevant testimony and findings on the stutter confirming that Hearing Officer Banks made a reasonable conclusion.  *See* Report at 20–21.  Extensive discussion on this point undermines Plaintiffs' claim that either Hearing Officer Banks or Magistrate Judge Sharbaugh gave it too little attention.  Like the rest of Plaintiffs' objections, citing a hodge podge of allegedly related, favorable evidence will not establish error.

*Objection 6.*  Plaintiffs insist that the December IEP was inadequate because it did not include math and English supports that A.U. required, and they fault Magistrate Judge Sharbaugh for relying on *Edward M.R. v. District of Columbia*, 128 F.4th 290 (D.C. Cir. 2025), to conclude otherwise.  Magistrate Judge Sharbaugh correctly reasoned that, under *Edward M.R.*, the December IEP was adequate because A.U. received math and English support services even if his IEP did not address them.  Report at 22.  In *Edward M.R.*, the plaintiff faulted the relevant IEP for failing to include "research-based instruction."  128 F.4th at 294.  But because that plaintiff received "research-based instruction," his IEPs' "silen[ce] on the matter" did not render it inadequate.  *Id.*  That case maps directly onto this one.  Plaintiffs claim that A.U. "received" extra hours in English and math but complain that those extra hours were "not on his IEPs."  Pls.' Mot. for Summ. J. at 6.  Under *Edward M.R.*, then, because A.U. "*did* receive" services— "even if his IEPs were silent" about them—"his claim fails."  128 F.4th at 294.

Citing unpublished or out-of-circuit district court cases predating *Edward M.R.*, as Plaintiffs do, will not get them around on-point, binding precedent. *See, e.g.*, Pls.' Objections at 31 (citing *Jones v. District of Columbia*, No. 17-1437, 2018 WL 7286022, at *13 (D.D.C. Sept. 5, 2018)); *id.* at 32 (citing *Q.K. v. Smith*, No. 21-0283, 2022 WL 912720, at *13 (D. Md. Mar. 29, 2022)). Neither will citing rule statements from non-binding circuit court decisions in different contexts. *See, e.g.*, *id.* at 33 (citing *A.K. ex rel. J.K. v. Alexandria City Sch. Bd.*, 484 F.3d 672, 682 (4th Cir. 2007) (concluding that an IEP needed to identify in its "terms" the school that could meet a student's needs where that student had not yet been placed in an appropriate school)). And the only D.C. Circuit authority Plaintiffs cite likewise says nothing about this issue. *See Z.B. v. District of Columbia*, 888 F.3d 515, 526 (D.C. Cir. 2018) (focusing on parents' burden in IEP challenges and explaining that they need not "rule out" the possibility that any school in an "entire school system" could adequately serve their child to prevail).

*Objection 7.* Last, Plaintiffs object that the magistrate judge should have considered A.U.'s performance at the private school Siena, in which he enrolled months after the December IEP's creation, in considering the older IEPs. Pls.' Objections at 35. Again, what ultimately matters to the Court's review is what evidence the hearing officer considered. *See L.R.L. ex rel. Lomax*, 896 F. Supp. 2d at 74. And as Plaintiffs themselves assert, Hearing Officer Banks considered testing results from the start of A.U.'s time at Siena. Pls.' Mot. for Summ. J. at 35; RAR at 57 (explaining that a test A.U. took "upon enrollment" at Siena confirmed his reading ability). That Plaintiffs wish he instead relied on different testing data from later that school year once again amounts to an argument about how to weigh evidence. *See Garris*, 210 F. Supp. 3d at 190 (rejecting a challenge to a hearing officer's conclusion that merely "draw different conclusions from [the] evidence" before him); *A.W. v. District of Columbia*, No. 12-411, 2014

14

WL 12884524, at *5 (D.D.C. Sept. 19, 2014) (explaining that courts should not reverse hearing officers' decisions just "because some evidence in the record, if given substantial weight, could support a finding in [Plaintiffs'] favor"). So even if Magistrate Judge Sharbaugh more directly considered later evidence, the claim would still have failed. The Court thus overrules this objection.

*   *   *

To sum up, the Court overrules Plaintiffs' objections, and otherwise agrees with Magistrate Judge Sharbaugh that Hearing Officer Banks appropriately reevaluated the December IEP on remand. This takes care of Plaintiffs' reimbursement request too. Plaintiffs' tuition reimbursement claim (for enrolling A.U. at Siena) hinges on finding the December IEP inadequate. *See* Pls.' Mot. for Summ. J. at 44 (recognizing that their reimbursement claim hinges on a ruling that "DCPS did not prove the December 2019 IEP appropriate"); Pls.' Objections at 37. Because DCPS provided A.U. with an adequate December IEP, the claim fails.

**IV.**

For these reasons, the Court adopts in full and incorporates by reference the Report and Recommendation. It will accordingly grant in part and deny in part Plaintiffs' Motion for Summary Judgment and the District's Cross-Motion. A separate Order will issue.

Dated: June 9, 2026                  TREVOR N. McFADDEN, U.S.D.J.